# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ISAURA J. ANDALUZ,

        **Plaintiff,**

v.                                        **CIV. No. 97-167 JP/RLP**

AIDA ALVAREZ, Administrator,
U.S. Small Business Administration,

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

The subject of this Memorandum Opinion and Order is Defendant's "Motion to Dismiss Complaint, or, in the Alternative, Motion for Summary Judgment" [Doc. No. 27], filed February 12, 1998.   A hearing on this motion was held on May 20, 1998.  Alex Gabaldon appeared on behalf of the Plaintiff, and Jan Mitchell and Marta Nesbitt appeared for the Defendant.  After careful consideration of the law, briefs, and oral argument, I determined that the motion should be granted in part and denied in part.

Plaintiff claims that the Defendant retaliated against her for protected activity under Title VII of the Civil Rights Act of 1964 and that she was constructively discharged.  At the hearing I granted the Defendant's motion with respect to the claim of constructive discharge because the facts alleged by the Plaintiff were not sufficiently severe to meet the standard set forth by the Tenth Circuit in Yearous v. Niobrara County Memorial Hosp., 128 F.3d 1351, 1356 (10th Cir. 1997).  Plaintiff's claim of constructive discharge should be dismissed.

I granted in part and denied in part Defendant's motion for summary judgment on Plaintiff's claim of retaliation. I found that Plaintiff's allegations that she was given an unsatisfactory office, that her supervisor acted in a strange and hostile manner, and that her supervisors came to her home to deliver a letter simply are not "adverse employment actions" under the law developed by the Tenth Circuit. In addition, I found that there was no evidence from which to infer a causal relationship between Plaintiff's supervisors' visit to her home and her protected activities. I also found that Plaintiff's transfer from Loan Processing to the Portfolio Management division was not an adverse employment action. Defendant did threaten to terminate plaintiff, but these threats were related to her status as "away without leave" and not to her protected activities. Finally, I found that there was a genuine issue of material fact as to whether Plaintiff was denied training in retaliation for her protected activities. Defendant's motion for summary judgment on Plaintiff's claim of retaliation should be granted except as to Plaintiff's assertion that she was denied proper training.

Therefore, it is ORDERED that the Defendant's "Motion to Dismiss Complaint, or, in the Alternative, Motion for Summary Judgment" [Doc. No. 27] is GRANTED with respect to Plaintiff's claim of constructive discharge and GRANTED IN PART and DENIED IN PART as to Plaintiff's claim of retaliation.

_____
UNITED STATES DISTRICT JUDGE